John Stevens, Appellee, v. R. E. Moody and Harold B. Kline (Defendants), on appeal of Harold B. Kline, Appellant.

Gen. No. 22,651.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917.

## Statement of the Case.

Action by John Stevens, plaintiff, against R. E. Moody and Harold B. Kline, defendants, to recover on two collateral promissory notes for $1,500 each, of which the defendant Moody was the maker and the defendant Kline the guarantor. From a judgment for plaintiff, defendant Kline appeals.

The notes were payable to the Fort Dearborn National Bank of Chicago, and were indorsed in blank by the bank without recourse. Defendant Kline set up in defense that there was no consideration for the notes in that their sole purpose as made and indorsed was to substitute them for two other notes of same amounts theretofore made and indorsed by defendants

but which substitution had not been made, and that such other notes were outstanding and had been protested for nonpayment.

DEFREES, BUCKINGHAM & EATON, for appellant.

ADAMS, CREWS, BOBB & WESCOTT, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 320*—*when holder of note indorsed in blank may sue guarantor.* The holder of a note indorsed in blank by the payee thereof has the legal right to bring action thereon against a guarantor, notwithstanding such holder may have no actual interest in the note.

2. ATTORNEY AND CLIENT, § 67*—*when declarations of attorney are inadmissible to bind client.* In an action by the holder of a promissory note indorsed in blank by the payee thereof against a guarantor, where a witness testified that plaintiff's attorney had told him that plaintiff was the holder of the note simply for the purpose of suit, *held* that objection to such testimony should have been sustained, in the absence of any evidence tending to prove the attorney's authority to bind plaintiff by such statement, as plaintiff's right to the possession of, interest in, and right to bring an action upon such note could not be limited by anything such attorney may have said.

3. BILLS AND NOTES, § 331*—*when defense of no consideration is unavailable against holder.* In an action by the holder against the guarantor of a promissory note indorsed in blank by the payee thereof, a defense that there was no consideration or a failure of consideration for the note in that the sole purpose in making and indorsing same was that it was to be substituted for another note made and indorsed by the defendant, but which substitution had not been made, and that such other note had matured and been protested for nonpayment, *held* not to be available against such holder.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.